ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| URS Federal Services, Inc. | )    ASBCA No.  62475 |
| | ) |
| Under Contract No.  FA8108- 09-D-0006 | ) |

APPEARANCES FOR THE APPELLANT:         Terry L. Elling, Esq.
                                        Amy L. Fuentes, Esq.
                                        Angela M. Jimenez, Esq.
                                         Holland & Knight LLP
                                         Tysons, VA

APPEARANCES FOR THE GOVERNMENT:         Jeffrey P. Hildebrant, Esq.
                                         Air Force Deputy Chief Trial Attorney
                                        Colby L. Sullins, Esq.
                                         Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON GOVERNMENT'S MOTIONS TO STRIKE FOR LACK OF JURISDICTION AND TO DISMISS FOR FAILURE TO STATE A CLAIM

Appellant, URS Federal Services, Inc., seeks $748,507.92 for the performance of maintenance and repair services (at a U.S. Coast Guard Air Station in North Carolina) that it says the government has accepted but for which URS has not yet been paid (compl. ¶¶ 3, 12-13, 52).  The government moves to strike Count III of URS's three-count complaint for lack of jurisdiction, saying that the claim set forth in that count has not been presented to the contracting officer, and moves to dismiss the appeal for failure to state a claim, saying that URS's claim is barred by the six-year statute of limitations found in the Contract Disputes Act, 41 U.S.C. § 7103(a)(4)(A) (gov't mot. at 1, 5).

*Motion to strike*

The government asks that we strike Count III of URS's complaint for lack of jurisdiction because, the government says, the claim of breach of the implied duty of good faith and fair dealing set forth in that count has not been presented to the contracting officer (gov't mot. at 8).  We may strike from a complaint a claim that we lack jurisdiction to entertain.  *See Nat'l Mfg. Co., Inc.*, ASBCA No. 37986, 89-3 BCA ¶ 21,994 at 110,599 (striking monetary claim for lack of jurisdiction).  For the Board to possess jurisdiction to entertain a claim, the claim must first have been presented to a

contracting officer for decision. *James M. Smith, Inc.*, ASBCA No. 31701, 87-1 BCA ¶ 19,369 at 97,948. We do not possess jurisdiction to entertain a new claim; that is, a claim that is based upon operative facts not already presented in the claim that is the subject of the appeal. *Envtl. Chem. Corp.*, ASBCA No. 58871, 15-1 BCA ¶ 36,110 at 176,286.

Central to Count III are allegations that the government has refused to pay URS the amounts it claims, including by denying its November 2018 claim to the contracting officer (*see* compl. ¶¶ 46-52). Count III alleges that "URS is due the entire amount of its Claim—*i.e.*, $748,507.92—as a consequence of [the government's] breach of its duty of good faith and bad dealing" (compl. ¶ 52). Count III further alleges that the government breached the implied duty of good faith and fair dealing in that it "[r]epeatedly and continually, from 2010 through 2018, [] took no issue—and in no event disputed—URS' entitlement to the amounts owed to URS for its work performed (and accepted by [the government]) under its invoices and the other payments for which it was seeking payment" (compl. ¶ 47). Count III also alleges that "[t]he Final Decision at issue here underscores [the government's] lack of good faith, as [the government] denies URS's Claim solely on the basis of the limitations period, without disputing that work was acceptably performed, and without acknowledging that it was [the government], not URS, that is accountable for most, if not all, of the delay that has ensued in resolving the payments due URS" (*id.* ¶ 50). Finally, the count alleges that "it is apparent that the Final Decision, which was not issued to or received by URS until late March 2020, was in fact prepared and signed in September 2019 as evidenced by the date on the CO's electronic signature" (*id.* ¶ 51). URS's November 9, 2018 claim to the contracting officer does not set forth allegations concerning the contracting officer's March 2020 decision denying payment, which is not surprising because, of course, URS's claim predates the government's denial of that claim (R4, tab 109). Because Count III is based upon operative facts—namely the denial of URS's claim—that are not presented in the claim to the contracting officer, we do not possess jurisdiction to entertain that count. *Cf. Envtl. Chem. Corp.*, 15-1 BCA ¶ 36,110 at 176,287 (no jurisdiction over breach of implied duties count alleging contracting officer signed an "arbitrary" final decision, where claim to the contracting officer pre-dated contracting officer's final decision). Consequently, the motion to strike is granted, and Count III is stricken.

*Motion to dismiss for failure to state a claim*

The government moves to dismiss the appeal for failure to state a claim because, it says, URS's claim is barred by the six-year statute of limitations (gov't mot. at 1, 5). Count I of the complaint claims entitlement to $310,881.31 in invoiced amounts; Count II of the complaint claims entitlement to $437,626.61 in what URS calls "unbilled invoices" or "unbilled amounts" (*see* compl. at 9-11 ¶¶ 35-45). The total amount that URS seeks is $748,507.92 (compl. at 13 ¶ 53).

2

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where the facts asserted in the complaint do not entitle the claimant to a legal remedy. *Matcon Diamond, Inc.*, ASBCA No. 59637, 15-1 BCA ¶ 36,144 at 176,407. In deciding a motion to dismiss for failure to state a claim, we must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant. *Id.* We are limited to considering the sufficiency of allegations set forth in the complaint and the documents attached to or incorporated into the complaint. *See id.* (citing and quoting *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015)).

The six-year statute of limitations is an affirmative defense. *Raytheon Co.*, ASBCA No. 58849, 15-1 BCA ¶ 36,000 at 175,865. Dismissal for failure to state a claim on the basis of an affirmative defense is proper where the defense clearly appears on the face of the complaint. *See Matcon Diamond*, 15-1 BCA ¶ 36,144 at 176,408. A timely claim must be submitted to the contracting officer within six years after accrual. 41 U.S.C. § 7103(a)(4)(A). A claim accrues when all events that fix the alleged liability of the government and permit assertion of the claim were known or should have been known. *Green Valley Co.*, ASBCA No. 61275, 18-1 BCA ¶ 36,977 at 180,120 (citing and quoting Federal Acquisition regulation (FAR) 33.201). Although an invoice that is not in dispute when submitted is not a claim, it may be converted to one by a written notice to the contracting officer if not acted upon in a reasonable time. *Id.* (citing and quoting FAR 2.101).

According to the complaint, (1) the period of contract performance was from March 3, 2009, through September 2, 2010; (2) URS billed the government $310,881.31 by way of four invoices submitted from November 9, 2009, through September 9, 2010, in the combined amount of $415,269.63, as well as a fifth, December 16, 2014 invoice that credited the government $104,388.32; and (3) on November 9, 2018, URS presented its claim for $745,507.92 to the contracting officer, including its "unbilled and unfunded outstanding balance in the amount of $437,626.61 . . . along with detail supporting documentation from 2013 through 2018" (compl. ¶¶ 13, 24-25). The complaint also incorporates by reference URS's claim to the contracting officer (compl. at 2 n.1), which states that "[t]he unbilled amounts were provided to the Government [] with our invoices" (R4, tab 109 at 3).

The government has established from the face of the complaint and the incorporated claim to the contracting officer that URS's claim to $748,507.92 in invoiced and unbilled amounts is barred by the six-year statute of limitations. That is, it clearly appears from the complaint and the claim that URS knew or should have known all the events that fixed the alleged liability of the government and permitted assertion of its claim at least by September 9, 2010, the date of the most recent invoice referenced in the complaint, which is more than eight years before URS presented to the contracting officer its November 9, 2018 claim. And although URS correctly points out that an invoice that

3

is not in dispute when submitted is not a claim (app. resp. at 24), URS knew or should have known that it could have converted its invoices to claims within a reasonable time after submitting them. *See Green Valley Co.*, ASBCA No. 61275, 18-1 BCA ¶ 36,977 at 180,120. However, URS waited more than eight years after submitting its last, September 9, 2010 invoice, to do so; that is, until November 9, 2018. That is well more than six years after it became reasonable to convert the invoices to a claim. *Cf. id.* (barring claim to contracting officer submitted more than a decade after invoices were submitted); *Adamant Grp. for Contracting & Gen. Trading*, ASBCA No. 60316, 16-1 BCA ¶ 36,577 at 178,136 (same; nearly nine years). Consequently, the claims set forth in Counts I and II are barred by the six-year statute of limitations.

<u>CONCLUSION</u>

The motion to strike is granted, and Count III is stricken for lack of jurisdiction. The motion to dismiss for failure to state a claim is granted with respect to the remaining Counts I and II, and the appeal is, accordingly, dismissed.

Dated: March 23, 2021

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur in result</u> (see separate opinion)

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur in result</u> (see separate opinion)

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

## OPINION BY JUDGE SHACKLEFORD AND JUDGE WILSON CONCURRING IN RESULT

We concur in the result because the appeal should be denied, as the underlying claim was brought beyond the applicable statute of limitations period. However, we do not join the portion of the draft which separately dismisses Count III of the complaint because that portion of the government's motion was rendered moot by the decision on the statute of limitations.

Dated: March 23, 2021

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62475, Appeal of URS Federal Services, Inc., rendered in conformance with the Board's Charter.

Dated: March 23, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals